UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PAUL MASSEY (#521030)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 14-121-JJB-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 20, 2014.

                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL MASSEY (#521030)

VERSUS                                           CIVIL ACTION

BURL CAIN, ET AL                                 NUMBER 14-121-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

    Before the court is the Petitioner (sic) Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State Custody filed by Paul Massey.

    Petitioner was convicted in Sabine Parish, Louisiana and is now confined at Louisiana State Penitentiary, Angola, Louisiana. Petitioner challenged his custody status resulting from the determination of prison officials that he is ineligible to earn diminution of sentence on his conviction on charges of indecent behavior with a juvenile and attempted molestation of a juvenile.

    Based upon the allegations in the petition, it is clear that the petitioner is not attacking either his conviction or the sentence imposed. Instead, the petitioner is challenging the execution of his sentence by prison personnel. As such, the petitioner's claims were brought properly as a habeas corpus application under 28 U.S.C. § 2241. *See, Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876 (5th Cir. 2000).

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C.§ 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Petitioner alleged that he filed an Administrative Remedy Procedure ("ARP") challenging the removal of good time credits and seeking placement under good time Act 138 which was in effect in 1994, the year the offenses were committed. Administrative relief was denied. Petitioner then sought judicial review of the denial of administrative relief, which was also denied. Petitioner then appealed to the Louisiana First Circuit Court of Appeal, which was denied relief. Lastly, on December 2, 2013 the petitioner filed for review by the Louisiana Supreme Court, which has not yet rendered a decision.[1]

Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state remedies has been held to be a necessary prelude to its invocation.

---

[1] Record document number 1, p. 2.

2

*Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2396 (1975).

It is clear on the face of the petition that the petitioner has failed to exhaust available state remedies.[2]  Petitioner conceded that his application for review filed in the Louisiana Supreme Court is currently pending before that court.  Therefore, the petitioner's claims should be dismissed without prejudice for failure to exhaust available state remedies.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Petitioner (sic) Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State Custody filed by Paul Massey be dismissed, without prejudice, for failure to exhaust state remedies.

Baton Rouge, Louisiana, March 20, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] This report does not address or determine whether filing an ARP, and then seeking judicial review of the administrative decision, is sufficient to exhaust state court remedies.  For the purpose of this report, the court assumes that it would be.